1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JEROME MONTGOMERY,

11          Plaintiff,                    No. CIV S-09-2705 DAD P

12      vs.

13   CHIEF MEDICAL OFFICE,

14          Defendant.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42

17   U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.

18   This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule

19   302 and 28 U.S.C. § 636(b)(1).

20          Plaintiff has submitted an in forma pauperis application that makes the showing

21   required by 28 U.S.C. § 1915(a).  Accordingly, plaintiff will be granted leave to proceed in forma

22   pauperis.

23          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  See

24   28 U.S.C. §§ 1914(a) & 1915(b)(1).  An initial partial filing fee of $1.67 will be assessed by this

25   order.  See 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate

26   agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to

1

1   the Clerk of the Court.  Thereafter, plaintiff will be obligated to make monthly payments of

2   twenty percent of the preceding month's income credited to plaintiff's prison trust account.

3   These payments will be collected and forwarded by the appropriate agency to the Clerk of the

4   Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in

5   full.  See 28 U.S.C. § 1915(b)(2).

6          The court is required to screen complaints brought by prisoners seeking relief

7   against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C.

8   § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

9   claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

10  granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28

11  U.S.C. § 1915A(b)(1) & (2).

12         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

13  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

14  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

15  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

16  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

17  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

18  Cir. 1989); Franklin, 745 F.2d at 1227.

19         Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

20  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

21  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

22  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

23  (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must

24  contain more than "a formulaic recitation of the elements of a cause of action;" it must contain

25  factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic,

26  550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

2

1   allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740

2   (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and

3   resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

4          Here, plaintiff has filed an amended complaint naming the "Chief, Medical

5   Office" as the sole defendant.  This description of the named defendant is vague and would be

6   insufficient to permit service of process by the U.S. Marshall.  It is not clear whether plaintiff is

7   attempting to name the Chief Medical Officer of a particular prison as the defendant or is seeking

8   to name some other individual.  It is also not clear where the defendant identified only as "Chief,

9   Medical Office" is employed.  Therefore, the amended complaint will be dismissed and plaintiff

10  will be granted leave to file a second amended complaint which provides the name and/or full job

11  title of the defendant he is seeking to name, and identifies the correctional facility where the

12  named defendant is employed.

13         In addition, the other allegations of plaintiff's amended complaint are so vague

14  and conclusory that the court is unable to determine whether the current action is frivolous or

15  fails to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a

16  complaint must give fair notice to the defendants and must allege facts that support the elements

17  of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th

18  Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which

19  defendants engaged in that support his claims.  Id.

20         It appears that plaintiff may be attempting to proceed with an Eighth Amendment

21  claim alleging that he has received inadequate medical care while imprisoned.  In connection

22  with such a claim, the prisoner must allege and prove "acts or omissions sufficiently harmful to

23  evidence deliberate indifference to serious medical needs."  Estelle, 429 U.S. at 106.  An Eighth

24  Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need

25  and the nature of the defendant's response to that need."  McGuckin v. Smith, 974 F.2d 1050,

26  /////

1059 (9th Cir. 1991), <u>overruled</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133

(9th Cir. 1997) (en banc).

   A medical need is serious "if the failure to treat the prisoner's condition could

result in further significant injury or the 'unnecessary and wanton infliction of pain.'"

<u>McGuckin</u>, 974 F.2d at 1059 (quoting <u>Estelle v. Gamble</u>, 429 U.S. at 104).  If a prisoner

establishes the existence of a serious medical need, he must then show that prison officials

responded to the serious medical need with deliberate indifference.  <u>Farmer v. Brennan</u>, 511 U.S.

825, 834 (1994).  In general, deliberate indifference may be shown when prison officials deny,

delay, or intentionally interfere with medical treatment, or may be shown by the way in which

prison officials provide medical care.  <u>Hutchinson v. United States</u>, 838 F.2d 390, 393-94 (9th

Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to

medical care, however, "the indifference to his medical needs must be substantial.  Mere

'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."

<u>Broughton v. Cutter Laboratories</u>, 622 F.2d 458, 460 (9th Cir. 1980) (citing <u>Estelle</u>, 429 U.S. at

105-06).  Deliberate indifference is "a state of mind more blameworthy than negligence" and

"requires 'more than ordinary lack of due care for the prisoner's interests or safety.'"  <u>Farmer</u>,

511 U.S. at 835 (quoting <u>Whitley</u>, 475 U.S. at 319).

   If plaintiff chooses to proceed with this action by filing a second amended

complaint, he must allege facts demonstrating how the conditions complained of resulted in a

deprivation of plaintiff's federal constitutional or statutory rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d

227 (9th Cir. 1980).  The amended complaint must also allege in specific terms how each named

defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42

U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions

and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d

164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

/////

conclusory allegations of official participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files a second amended complaint, prior pleadings no longer serve any function in the case.  Therefore, in a second amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's November 2, 2009 application to proceed in forma pauperis (Doc. No. 6) is granted.

2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee of $1.67.  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3.  Plaintiff's complaint and amended complaint (Docs. No. 1 and 7) are dismissed.

4.  Plaintiff is granted twenty-eight days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint"; plaintiff must use the form complaint provided by the court; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

1         5.  The Clerk of the Court is directed to provide plaintiff with the court's form

2  complaint for a § 1983 action.

3  DATED: May 19, 2010.

 

 

                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE

DAD:4
mont2705.14