IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEROME MONTGOMERY,

    Plaintiff,                 No. CIV S-09-2705 DAD P

    vs.

CHIEF MEDICAL OFFICE,          ORDER AND

    Defendant.              FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Before the court is plaintiff's second amended complaint filed on June 7, 2010.

        In his second amended complaint, plaintiff alleges that he requested a copy of his medical records from the "chief medical office," that he filed a grievance to obtain his records, but he has still not been provided his medical records. (Compl. at 5.[1]) Plaintiff has used a form complaint for a § 1983 action but many sections of that form complaint have been left incomplete, such as, the names of the defendants and the relief plaintiff seeks. (Id.) Plaintiff has also attached an inmate appeal form, dated November 22, 2009, to his amended complaint but

---

[1] The first page of plaintiff's second amended complaint is numbered page 3.

1

1   that inmate appeal appears to be unrelated to plaintiff's complaint about his inability to obtain his
2   prison medical records.

3         Plaintiff was cautioned in the court's May 20, 2010 order that the court is required
4   to screen complaints brought by prisoners and that the second amended complaint would be
5   dismissed if it was legally frivolous or failed to state a claim. Plaintiff was advised to provide
6   sufficient factual allegations concerning the involvement of each named defendant. Plaintiff was
7   also provided the legal standards applicable to an Eighth Amendment claim that he was being
8   denied adequate medical care. Despite the court's advice and the granting of leave to file a
9   second amended complaint, plaintiff has failed to state a cognizable claim.

10         The Civil Rights Act under which this action was filed provides as follows:

11-13       Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

14   42 U.S.C. § 1983. Thus, plaintiff must allege a violation of the U.S. Constitution or a federal
15   statute. In any event, plaintiff has failed to do so here. In this regard, "[t]here is no constitutional
16   right for a patient to see his or her medical records." Collins v. Kessler, No. C 02-1811 WHA
17   (PR), 2002 WL 1940303, at *1 (N.D. Cal. Aug. 15, 2002) (citing Gotkin v. Miller, 514 F.2d 125,
18   128 (2nd Cir. 1975). See also Slupkowski v. States Attorney of Cal., No. CV 08-7111 RGK
19   (AN), 2009 WL 54579, at *2 (C.D. Cal Jan. 8, 2009) (holding that allegations that prisoner's
20   medical records were wrongfully confiscated fails to state a cognizable §1983 claim for relief).[2]

21         Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to
22   randomly assign this case to a District Judge.

---

[2] California Health and Safety Code § 123110 provides for a right of access to one's own medical records under state law, with the exception of certain mental health records; however, legal action to enforce that statutory right and obtain those records would be based on a right created under state law rather than a federal one. Collins v. Kessler, No. C 02-1811 WHA (PR), 2002 WL 1940303, at *1 n.2 (N.D. Cal. Aug. 15, 2002).

Also, IT IS HEREBY RECOMMENDED that this action be dismissed for failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 5, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
mont2705.56